IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JABARI STAFFORD,<br><br>                Plaintiff,<br><br>v.<br><br>THE GEORGE WASHINGTON UNIVERSITY,<br><br>                Defendant. | Case No. 1:18-cv-02789-CRC |

**DEFENDANT THE GEORGE WASHINGTON UNIVERSITY'S REQUEST FOR RULING REGARDING PRODUCTION OF COMMUNICATIONS**

Defendant the George Washington University (the "University") hereby respectfully requests a ruling from the Court regarding Plaintiff's production of communications with witnesses William "Wills" Tutecky, Amlan Sahoo, Blake Morton, and Darian Hashemzadeh.

1. On November 18, 2019, this Court held a hearing regarding, among other things, the University's pending Motion for Case-Terminating Sanctions (ECF 47). The Court ordered that the motion be held in abeyance "to enable the parties to submit additional evidentiary submissions following Mr. Tutecky's deposition." Minute Order dated November 18, 2019.

2. During the hearing, the University requested that Plaintiff be required to provide his post-July 18, 2019 communications with Tutecky, Sahoo, and Morton or, at a minimum, provide a log of Plaintiff's communications with these witnesses. *See* Transcript at 44:19–45:2.[1] Plaintiff argued that the communications fall under Rule 26(b)(3) and that, accordingly, the

---

[1] Plaintiff also has sought the deposition of another former tennis player, Darian Hashemzadeh, and exchanged at least one text message with him in which Plaintiff threatened Mr. Hashemzadeh that the subpoena was "under penalty." ECF 47-2 (Exhibit A to Motion for Case-Terminating Sanctions) at line 6637. The University therefore seeks Plaintiff's post-July 18, 2019 communications with this witness as well.

communications are protected from disclosure and do not need to be logged. *Id.* at 45:5–47:10. The University, in turn, argued that the communications are not work product and that, even if they are, the University is entitled to them because of its substantial need for the communications and because Plaintiff has waived the protection of the work product doctrine by producing communications with Mr. Tutecky since Plaintiff's counsel joined the case.[2] *Id.* at 47:12–48:18. The communications also may be subject to the crime-fraud exception. *See, e.g.*, *Nesse v. Pittman*, 202 F.R.D. 344, 351 (D.D.C. 2001) ("Communications otherwise protected by the [work-product] privilege are not protected if the communications are made in furtherance of a crime, fraud, or other misconduct." (quoting *In re Sealed Case*, 754 F.2d 395, 399 (D.C. Cir. 1985))).

3.      As discussed with the Court, the University is issuing subpoenas to these third parties to seek their communications, but also believes it is appropriate to request them from Plaintiff, especially given spoliation concerns. *See* Transcript at 47:23–48:1.

4.      After the Parties' argument, the Court stated "Okay. We'll get an order out on that." *Id.* at 48:19. The Court's minute order did not include an order concerning Plaintiff's post-July 18, 2019 communications with Tutecky, Sahoo, and Morton. Accordingly, the University respectfully requests that the Court rule (1) whether Plaintiff is required to produce the relevant communications, (2) if so, by when, and (3) if not, whether Plaintiff must log the withheld communications. As noted at the hearing, the University believes these communications are necessary to supplement the record on its Motion for Sanctions. *See id.* at 40:25–41:1 (the Court noting that "either side can feel free to supplement the record"); *id.* at 44:19–23 (the University

---

[2] During argument, counsel for the University noted that he thought Plaintiff had produced "at least two text messages that are dated in August after Mr. Ross was retained." Transcript at 48:4–6. The two August 2019 communications to which counsel was referring actually were emails from Mr. Tutecky to Plaintiff containing different versions of Mr. Tutecky's witness statement.

stating "with respect to keeping the record open, the other item that I would raise is . . . [P]laintiff's communications with the . . . witnesses").

Dated: November 25, 2019

Respectfully submitted,

/s/ *Jason C. Schwartz*
Jason C. Schwartz (DC Bar No. 465837)
Matthew P. Sappington (DC Bar No. 1616305)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036
Telephone:  202.955.8500
Facsimile:  202.530.9522
jschwartz@gibsondunn.com
msappington@gibsondunn.com

*Attorneys for Defendant*