IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JABARI STAFFORD,<br><br>      Plaintiff,<br><br>v.<br><br>THE GEORGE WASHINGTON UNIVERSITY, et al.,<br><br>      Defendants. | Case No. 1:18-cv-02789-CRC |

**JOINT MOTION TO UNSEAL PORTIONS OF SUMMARY-JUDGMENT RECORD AND REQUEST FOR ORDER REGARDING SEALING OF EXHIBIT 7**

  Plaintiff Jabari Stafford and Defendant the George Washington University (the "University") (collectively, the "Parties"), jointly submit this Motion to Unseal Portions of the Summary-Judgment Record and Request for Order Regarding Sealing of Exhibit 7. In support of thereof, the Parties state as follows:

**Motion to Unseal Portions of Summary-Judgment Record**

  1. In connection with summary-judgment briefing, the Parties filed entirely under seal a total of 14 exhibits (the "Sealed Exhibits"). *See* Dkt. 79; Dkt. 84.

  2. This Court granted the Parties' respective motions to seal these exhibits under the Protective Order. *See* May 25, 2021 Minute Order (granting University's motion to seal); Jan. 4, 2022 Minute Order (granting Plaintiff's motion to seal).

  3. The Sealed Exhibits remained sealed during Plaintiff's appeal to the D.C. Circuit and, together, comprised Joint Appendix Volumes 3 and 4.

  4. On January 31, 2023, the D.C. Circuit directed the Parties to show cause why the sealed portions of the record before the D.C. Circuit (*i.e.*, Joint Appendix Volumes 3 and 4) should

not be unsealed.

5.  On March 2, the Parties jointly responded to the D.C. Circuit's show-cause order, noting that under D.C. Circuit Rule 47.1(a), the portions of the record in the sealed joint appendix should not be unsealed by the D.C. Circuit unless and until they were first unsealed by this Court.

6.  The Parties have met and conferred regarding whether each of the Sealed Exhibits should remain entirely under seal—and, if not, what portion(s), if any, should remain sealed—and are in agreement regarding 13 of the 14 Sealed Exhibits.

7.  For the final, fourteenth Sealed Exhibit (Exhibit 7), the Parties agree that portions of that exhibit can be unsealed; however, they disagree regarding other portions. *See infra* ¶¶ 10–12.

8.  The Parties respectfully request that the following Sealed Exhibits be unsealed, either in their entirety or partially, as set forth below:

*Exhibits The Parties Agree Should Be Partially Unsealed*

| Exhibit No. | Description | Grounds for Sealing of Designated Portions[1] |
|---|---|---|
| 2 | Transcript of Deposition of J. Stafford, dated Oct. 28, 2019 | The Parties agree the following information should remain redacted on the public docket: (1) personal telephone numbers and email addresses; (2) Plaintiff's medical information; and (3) the names and other personally identifying information of students (a) filing confidential complaints/reports with the University, or (b) accused of wrongdoing in any such complaints/reports.  That information constitutes confidential personal information under the Protective Order and has been highlighted in gray in the version of the Exhibit being submitted at Dkt. 104.<br><br>The Parties agree that the remainder of the deposition transcript may be unsealed. |

---

[1] At Dkt. 104, the Parties are filing under seal the Sealed Exhibits that they agree should be partially unsealed, with gray highlighting to indicate the designated portions of the Sealed Exhibits that the Parties agree should remain under seal/be redacted on the public docket.

| Exhibit No. | Description | Grounds for Sealing of Designated Portions[1] |
|---|---|---|
| 6 | Transcript of Deposition of T. Stafford, dated Oct. 29, 2019 | The Parties agree the following information should remain redacted on the public docket: (1) personal telephone numbers and email addresses; and (2) Plaintiff's medical information. That information constitutes confidential personal information under the Protective Order and has been highlighted in gray in the version of the Exhibit being submitted at Dkt. 104.<br><br>The Parties agree that the remainder of the deposition transcript may be unsealed. |
| 7 | Transcript of deposition of N. Early, dated Jan. 10, 2020 | The Parties agree the following information should remain redacted on the public docket: (1) information related to non-parties' academic or disciplinary histories that are not material to this case; and (2) the names and other personally identifying information of students (a) filing confidential complaints/reports with the University, or (b) accused of wrongdoing in any such complaints/reports. That information constitutes confidential personal information and/or confidential student information under the Protective Order and has been highlighted in gray in the version of the Exhibit being submitted at Dkt. 104.<br><br>The Parties disagree regarding the appropriate treatment of Page 147, Line 22 through Page 151, Line 4 of this transcript, and have set forth their disagreement below. *See infra* ¶¶ 10–12. |
| 12 | Excerpts from Plaintiff's Text Message Log | The Parties agree that personal telephone numbers should remain redacted on the public docket because they constitute confidential personal information under the Protective Order. This information has been highlighted in gray in the version of the Exhibit being submitted at Dkt. 104.<br><br>The Parties agree that the remainder of the exhibit may be unsealed. |
| 20 | Defendant's Responses and Objections to Plaintiff's First Set of Interrogatories | The Parties agree that the name of a student who made a confidential complaint to the University constitutes confidential personal information under the Protective Order and should remain redacted on the public docket. This name been highlighted in gray in the version of the Exhibit being submitted at Dkt. 104.<br><br>The Parties agree that the remainder of the exhibit may be unsealed. |

| Exhibit No. | Description | Grounds for Sealing of Designated Portions[1] |
|---|---|---|
| 30 | Transcript of Deposition of D. Stafford, dated Nov. 8, 2019 | The Parties agree the following information should remain redacted on the public docket: (1) personal telephone numbers and email addresses; and (2) Plaintiff's medical information.  This information constitutes confidential personal information under the Protective Order and has been highlighted in gray in the version of the Exhibit being submitted at Dkt. 104.<br><br>The Parties agree that the remainder of the deposition transcript may be unsealed. |
| 34 | Transcript of Deposition of M. Tapscott, dated Feb. 25, 2020 | The Parties agree that personal telephone numbers should remain redacted on the public docket because they constitute confidential personal information under the Protective Order.  This information has been highlighted in gray in the version of the Exhibit being submitted at Dkt. 104.<br><br>The Parties agree that the remainder of the deposition transcript may be unsealed. |
| A | Transcript of Deposition of B. Morton, dated Dec. 20, 2019 | The Parties agree the following information should remain redacted on the public docket: (1) personal telephone numbers, email addresses, home addresses, and dates of birth; (2) information related to non-parties' academic histories; and (3) medical information related to the deponent.  This information constitutes confidential personal information and/or confidential student information  under the Protective Order and has been highlighted in gray in the version of the Exhibit being submitted at Dkt. 104.<br><br>The Parties agree that the remainder of the deposition transcript may be unsealed. |

| Exhibit No. | Description | Grounds for Sealing of Designated Portions[1] |
|---|---|---|
| P | Compilation of University Police Reports and Related Documents | The Parties agree the following information should remain redacted on the public docket: the names and other personally identifying information of students (a) filing complaints/reports, or (b) accused of wrongdoing in such complaints/reports.  This information constitutes confidential personal information under the Protective Order and has been highlighted in gray in the version of the Exhibit being submitted at Dkt. 104.<br><br>The Parties agree that the remainder of the exhibit may be unsealed. |

*Exhibits The Parties Agree Should Be Entirely Unsealed*[2]

| Exhibit No. | Description |
|---|---|
| 16 | E-mail from N. Early to G. Munoz, et al., dated Jan. 19, 2015 (GWU_00002081_Reproduced) |
| 35 | E-mail from G. Munoz to Plaintiff, et al., dated Dec. 20, 2014 (GWU_00000850_Reproduced) |
| 61 | E-mail from J. Arguello to Plaintiff, dated Dec. 8, 2017 (GWU_00002369_Reproduced) |

9.     For the foregoing reasons, the Parties respectfully request that the Court unseal Exhibits 16, 35, and 61 in their entirety; and that the Court unseal Exhibits 2, 6, 7, 12, 20, 30, 34, A, and P, except for the portions of those Exhibits highlighted in gray in the versions being submitted at Dkt. 104.  If and when the Court grants the Parties' unsealing request, the Parties will file on the public docket (1) unredacted copies of Exhibits 16, 35, and 61; and (2) revised versions of Exhibits 2, 6, 7, 12, 20, 30, 34, A, and P, in which only the information highlighted in gray shall be redacted.

---

[2] The Parties agree that the exhibits in this chart should be unsealed in their entirety, and that material that the University previously redacted as protected under FERPA should remain redacted.

**Request for Order Regarding Sealing of Exhibit 7**

10.  As detailed above, the Parties disagree regarding whether one excerpt of Exhibit 7 to the University's Motion for Summary Judgment (the "Excerpt") should remain sealed.

11.  The Excerpt spans Page 147, Line 22 through Page 151, Line 4 of the transcript of the deposition of former University Associate Athletics Director Nicole Early.

12.  Below, the Parties set forth their respective positions regarding whether the Excerpt should remain sealed.

**Plaintiff's Position**:  The Excerpt consists of testimony by a University official that an individual was arrested and the official's suspicions and rumors about whether the person arrested had a problem with alcohol.  As an initial matter, the arrest is not confidential as it is a matter of public record.  Second, rumors and a person's suspicions about someone else hardly constitute "confidential personal information" as intended by the Protective Order in this matter or as intended by Federal Rule of Civil Procedure 26(c).  If that were the case, every opinion expressed by a witness would be subject to a protective order.  Third, the information is relevant to the case in that the individual is a central figure in the harassment and discrimination endured by Plaintiff and Plaintiff reported to the University official that this individual caused and permitted the harassment and discrimination.  Therefore, the suspicions a University official had about the individual's behavior is relevant to the reports of harassment and discrimination the University official received about the individual. Lastly, under the Protective Order, Plaintiff has not waived his objection to this designation as any party "may challenge a designation of confidentiality at any time."  *See* Dkt. 38 at ¶ 6.1.

**The University's Position**:  The Excerpt should remain sealed.  The Excerpt contains a University official's discussion of confidential personnel information and confidential personal information regarding a former University tennis coach.  The University contemporaneously designated the Excerpt as confidential pursuant to the Protective Order, and Plaintiff did not object.  The tennis coach at issue is a third party to this litigation, and the information discussed in the Excerpt is not relevant to this case or the public's understanding thereof.  The information therefore should remain sealed.  *See Amgen Inc. v. Amneal Pharms. LLC*, Civ No. 16-853-MSG CONSOLIDATED, 2021 WL 4133516, at *6 (D. Del. Sept. 10, 2021) ("Employees who are either non-parties or not relevant to the dispute have privacy interests that outweigh the public's right to their name[.]"), *vacated in part on reconsideration on other grounds by Amgen Inc. v. Amneal Pharms. LLC*, 2021 WL 4843959 (Oct. 18, 2021); *Briggs v. Marriott Int'l, Inc.*, 368 F. Supp. 2d 461, 463 n.1 (D. Md. 2005) (granting motion to seal documents including "personal and medical information").

13. The Parties respectfully request that the Court clarify whether the Excerpt can remain sealed or should be unsealed; thereafter, the Parties will submit an appropriately-redacted version of Exhibit 7.

Dated: April 27, 2023

Respectfully submitted,

/s/ Riley H. Ross III
Riley H. Ross III (DC Bar No. 459014)
MINCEY FITZPATRICK ROSS, LLC
One Liberty Place
1650 Market Street, Floor 36
Philadelphia, PA 19103
215-587-0008 (Office)
215-587-0628 (Fax)
riley@minceyfitzross.com

*Attorney for Plaintiff*

/s/ *Jason C. Schwartz*
Jason C. Schwartz (DC Bar No. 465837)
Molly T. Senger (DC Bar No. 995975)
Andrew G. I. Kilberg (DC Bar No. 187668)
Matthew P. Sappington (DC Bar No. 1616305)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036
Telephone:  202.955.8500
Facsimile:  202.530.9522
jschwartz@gibsondunn.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2023, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ *Jason C. Schwartz*